IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN DOUGLAS MEYER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0615-K |
| | § | |
| DR. MILLER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Alan Douglas Meyer, a former inmate in the Dallas County Jail,[1] against various state, county, and city officials. On March 28, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were then sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 9, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff was transferred to the Byrd Unit of the TDCJ-ID before this suit was filed.

II.

Plaintiff presents a litany of complaints relating to his arrest, pretrial detention, and conviction for stalking, a third-degree felony under Texas law. According to plaintiff, Dallas police officers arrested him without a warrant or probable cause and used excessive force to effect the arrest. Plaintiff further alleges that his subsequent conviction was based on the testimony of a "psychologically disabled" woman and not supported by sufficient evidence. Shortly after his arrest, plaintiff was attacked by another inmate in the Dallas County Jail. He blames jail officials for failing to protect him from this assault. Plaintiff also accuses the jail medical staff of failing to provide adequate treatment for injuries sustained in the attack and an unrelated vision problem. By this suit, plaintiff seeks unspecified monetary damages and injunctive relief.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff has failed to state a claim for relief against many of the defendants named in his complaint. The Dallas County Jail, the Dallas County Sheriff's Department, and the Dallas Police Department are not legal entities subject to suit. *See Johnson v. Dallas City Police Dep't.*, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004) (Sanderson, J.), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 15, 2005) (Boyle, J.) (Dallas police department not a proper defendant with jural existence); *Lindley v. Bowles*, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (Solis, J.) (same as to Dallas County Jail); *Magnett v. Dallas Co. Sheriff's Dep't.*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, J.) (same as to Dallas County Sheriff's Department). The University of Texas Medical Branch is a state agency that cannot be sued in federal court absent a waiver of Eleventh Amendment immunity. *O'Rourke v. United States*, 298 F.Supp.2d 531, 535 (E.D. Tex. 2004)

Nor can plaintiff sue Mayor Laura Miller, Police Chief David Kunkle, Sheriff Lupe Valdez, or Dr. Miller for the actions of their employees. As supervisors and elected officials, these defendants are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that none of these defendants were personally involved in the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff maintains that defendants are responsible for the actions of their subordinates. (*See* Interrog. #10-

13). Such allegations are insufficient to state a claim against Mayor Miller, Chief Kunkle, Sheriff Valdez, and Dr. Miller in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.).

B.

Plaintiff first complains that he was arrested without a warrant or probable cause. In a related argument, plaintiff contests his conviction and resulting 10-year sentence for stalking. Both claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). A false arrest claim implicates a criminal prosecution where the conviction is based on evidence discovered during the arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Although his pleadings are less than a model of clarity, plaintiff appears to challenge the sufficiency of the evidence giving rise to his arrest and subsequent conviction for stalking. Under Texas law:

> A person commits an offense if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in

>  conduct, including following the other person, that:
>
>  (1)   the actor knows or reasonably believes the other person will regard as threatening:
>
>  * * * *
>
>  (2)   causes the other person or a member of the person's family or household to be placed in fear of bodily injury or death or fear that an offense will be committed against the other person's property; and
>
>  (3)   would cause a reasonable person to fear:
>
>  >  (A)   bodily injury or death for himself or herself;
>  >
>  >  (B)   bodily injury or death for a member of the person's family or household; or
>  >
>  >  (C)   that an offense will be committed against the person's property.

TEX. PENAL CODE ANN. § 42.072(a) (Vernon 2003).  Here, plaintiff argues that his presence at the complainant's house was an isolated incident and not part of "scheme or course of conduct." (*See* Interrog. #3).  As a result, plaintiff maintains he should not have been arrested or convicted of stalking.  Such an argument, if proved, necessarily implies the invalidity of his conviction.  Plaintiff further acknowledges that no state court or federal habeas court has ever determined that the terms of his confinement are invalid.  (Interrog. #4-5).  Consequently, he cannot maintain a civil rights action under 42 U.S.C. § 1983.  *See Ferguson v. City of Rowlett, Tex.*, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (Solis, J.).[2]

---

[2]  To the extent plaintiff seeks an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979).  However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  (*See* Interrog. #5).  Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief.  *See Davis v. Anderson*, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003) (Bleil, J.), *rec. adopted*,

C.

Plaintiff also accuses Dallas Police Officer McGuire of using excessive force to effect his arrest. Such a claim must be analyzed under the "reasonableness" standard of the Fourth Amendment to United States Constitution. *See Graham v. Conner*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). In order to establish a constitutional violation, plaintiff must show that: (1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). The court must view the totality of the circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect pose[d] an immediate threat to the safety of the officers and others." *Stroik v. Ponseti*, 35 F.3d 155 157-58 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1692 (1995).

Plaintiff alleges that Officer McGuire was "excessively violent" towards him, causing bruising and bleeding and nearly breaking his jaw. (*See* Interrog. #13). This is sufficient to show significant injury at the pleading stage. However, plaintiff fails to allege any facts in his complaint or interrogatory answers which suggest that the use of force was clearly excessive to the need for force or objectively unreasonable under the circumstances. To the contrary, plaintiff admits that Officer McGuire was told that the stalking suspect was "armed and dangerous." (Interrog. #2). Although plaintiff disputes the accuracy of that information, the court must view the totality of the circumstances from the standpoint of a reasonable officer on the scene. Clearly, some force may be necessary to apprehend a suspect who may be armed. Plaintiff's conclusory assertion that Officer McGuire was "excessively violent," without more, is insufficient to his support a claim of excessive

---

2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (Means, J.) (citing cases).

force. *See Powell v. Starr*, 2003 WL 23095976 at *4 (N.D. Tex. Dec. 22, 2003) (Stickney, J.), *rec. adopted*, 2004 WL 213501 (N.D. Tex. Jan. 29, 2004) (Fitzwater, J.) (allegation of "brutal misconduct" on part of arresting officer insufficient to prove excessive force).[3]

D.

Two weeks after his arrest, plaintiff was attacked by another inmate in the Dallas County Jail. As a result of that incident, plaintiff sustained a broken jaw, bruises to his face and head, and nerve damage. Plaintiff blames jail officials for failing to prevent the assault and for failing to provide adequate medical treatment for his injuries.

Both claims are governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). "Deliberate indifference" requires proof that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Id.* at 649, *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L. Ed 2d 811 (1994). With respect to his failure to protect claim, plaintiff has failed to show that defendants were "'aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed]' prior to the assault." *Cotton v. Ryan*, 119 Fed.Appx. 643, 2005 WL 27604 at *1 (5th Cir. Jan. 6, 2005), *quoting Farmer*, 114 S.Ct. at 1979. Consequently, this claim fails as a matter of law.

Nor has plaintiff alleged sufficient facts to show that defendants were deliberately indifferent to his medical needs. Plaintiff admits that he received medical treatment immediately following the assault. Although he believes that his broken jaw would have healed faster had his mouth been wired shut, there is no indication that such treatment was medically necessary. (*See* Interrog. #1).

---

[3] Because plaintiff cannot maintain an excessive force claim against Officer McGuire, the court need not decide whether any official policy or custom of the City of Dallas was a "moving force" behind this alleged constitutional violation.

Plaintiff's medical care claim is nothing more than a disagreement over the course of treatment which is not actionable under 42 U.S.C. § 1983. *See Kelly v. Alford*, 2003 WL 22456810 at *2 (N.D. Tex. Oct. 23, 2003) (Kaplan, J.), *citing Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

E.

Finally, plaintiff complains that jail officials failed to provide him with prescription eyeglasses and eye drops for an unspecified condition. While poor vision may, under certain circumstances, constitute a serious medical need, plaintiff has failed to allege any risks attendant to his vision problems. *See Swaissi v. Cotten*, 2002 WL 492905 at *2 (N.D. Tex. Mar. 28, 2002) (Kaplan, J.) (difficulty reading, writing, and watching television with uncorrected vision does not rise to level of constitutional violation). *Cf. Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (allegation that deprivation of eyeglasses caused plaintiff to fall and walk into objects sufficient to state medical care claim under section 1983); *Benter v. Peck*, 825 F.Supp. 1411, 1416-17 (S.D. Iowa 1993) (legally blind inmate, who required glasses to work or function in general prison population, had serious medical need). Nor has plaintiff identified the defendants responsible for this alleged constitutional deprivation. (*See* Interrog. #9). The court therefore concludes that this claim should be summarily dismissed.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  June 2, 2005.

                                    JEFF KAPLAN
                                    UNITED STATES MAGISTRATE JUDGE